Justin Boyce (State Bar No. 181488)
justin.boyce@dechert.com
Sarah Wager (State Bar No. 209277)
sarah.wager@dechert.com
**DECHERT LLP**
2440 W. El Camino Real. Suite 700
Mountain View, California 94040
Telephone: (650) 813-4800
Facsimile:  (650) 813-4848

Robert Masterson (pro hac vice)
robert.masterson@dechert.com
**DECHERT LLP**
2929 Arch Street, Cira Centre
Philadelphia, PA  19104
Telephone: (215) 994-4000
Facsimile:  (215) 994-2222

Attorneys for Defendant,
MONSTER WORLDWIDE, INC.

Mark W. Good (SBN 218809)
Benedict O'Mahoney (SBN 152447)
TERRA Law L.L.P.
117 Park Avenue, Third Floor
San Jose, California 95113
Tel: (408) 299-1200
Fax: (408) 998-4895
Email: mgood@terra-law.com
Email: bomahoney@terra-law.com

Edward W. Goldstein (TX Bar No. 08099500)
Jody M. Goldstein (TX Bar No. 24002153)
Alisa Lipski (TX Bar No. 24041345)
Goldstein & Lipski PLLC
1177 West Loop South, Suite 400
Houston, Texas 77027
Tel: (713) 877-1515
Fax: (713) 877-1737
Email: egoldstein@gliplaw.com
Email: jgoldstein@gliplaw.com
Email: alipski@gliplaw.com
Attorneys for Plaintiff
EIT HOLDINGS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EIT HOLDINGS LLC, a Delaware company,<br><br>Plaintiff,<br><br>vs.<br><br>MONSTER WORLDWIDE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C11-02472 RMW<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>**(MODIFIED BY THE COURT)**<br><br> **(Re:  Docket No. 30)** |

## 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 15.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      **DEFINITIONS**

2.1.    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.    <u>Designated House Counsel or Client Representative</u>:  Each party may identify House Counsel or a Client Representative in Section 7.4.2 below who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5.    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10.    House Counsel or Client Representative:  Designated person who is an employee of a party to this action.  House Counsel or Client Representative does not include Outside Counsel of Record or any other outside counsel.

2.11.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12.    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13.    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14.    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.    Protected Material:  any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17.   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or lawfully becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. **For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.**

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical

to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., Section 5.4.2 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.4.    Designation in conformity with this Order requires:

5.4.1.   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

5.4.2.   a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless otherwise designated by the Producing Party.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

5.4.3.   for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.4.4.   Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.4.5.   transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party unless the parties have agreed that the entire transcript shall be deemed to contain Protected Material in which case the transcript shall have an obvious legend on the title page that the transcript contains Protected Material and the appropriate designation shall appear on each and every page of the transcript.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the

expiration of that period, the transcript shall be treated only as actually designated.

5.4.6.   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.5.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated

Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the

process by conferring directly (in voice-to-voice dialogue; other forms of communication are not

sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must

explain the basis for its belief that the confidentiality designation was not proper and must give the

Designating Party an opportunity to review the designated material, to reconsider the circumstances, and,

if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-

confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-

confer process in a timely manner.

6.3.    Judicial Intervention.  **If the parties cannot resolve a challenge without court intervention, they shall comply with the undersigned's Standing Order re Civil Discovery Disputes.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, pursuant to the rules **Any Discovery Dispute Joint Report (DDJR) shall (1) attest that the meet-and-confer requirements** of this Court, file and serve a motion that identifies the challenged material and sets forth in detail the **imposed in the preceding paragraph have been satisfied; (2) identify the challenged material and the** basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms **basis for the challenge; and (3) set forth** that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by

the Designating Party in the meet-and-confer dialogue.  The burden of persuasion in any such challenge

proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall

continue to afford the material in question the level of protection to which it is entitled under the

Designating Party's designation.  Frivolous challenges and those made for an improper purpose (e.g., to

harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

to sanctions.

# 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order.  When the litigation has been

terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL

DISPOSITION).

7.2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.3.1.  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

7.3.2.  the officers, directors, and employees (including House Counsel or Client Representative) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.3.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.4.  the court and its personnel;

7.3.5.  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.6.  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3.7.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" only to:

      7.4.1.   the Receiving Party's Outside Counsel of Record in this action, as well as
employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
that is attached hereto as Exhibit A;

      7.4.2.   the following, specifically-identified Designated House Counsel or Client
Representative of the Receiving Party who has no involvement in competitive decision-making
(including involvement in analyzing potential infringement of patents other than U.S. Patent No.
5,828,837) related to an adverse party in this litigation and who has signed the "Acknowledgment and
Agreement to Be Bound" (Exhibit A): Evan Kornich for Monster Worldwide, Inc.. and Kurt Olcer for
EIT Holdings LLC.

      7.4.3.   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for
this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and
(3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

      7.4.4.   the court and its personnel;

      7.4.5.   court reporters and their staff, professional jury or trial consultants and mock
jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who
have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or, in the sole case of mock
jurors, the "Confidentiality Acknowledgement and Agreement to Be Bound (Exhibit B); and

      7.4.6.   the author or recipient of a document containing the information or a custodian or
other person who otherwise possessed or knew the information.

    7.5.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" Information or Items to Experts.

      7.5.1.   Unless otherwise ordered by the court or agreed to in writing by the Designating
Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that
has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to
paragraph 7.4.3 first must make a written request to the Designating Party that (1) identifies the general

categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the

Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and

the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

received compensation or funding for work in his or her areas of expertise or to whom the expert has

provided professional services, including in connection with a litigation, at any time during the preceding

five years, and (6) identifies (by name and number of the case, filing date, and location of court) any

litigation in connection with which the Expert has offered expert testimony, including through a

declaration, report, or testimony at a deposition or trial, during the preceding five years.

>        7.5.2.    A Party that makes a request and provides the information specified in the

preceding respective paragraphs may disclose the subject Protected Material to the identified Expert

unless, within 14 days of delivering the request, the Party receives a written objection from the

Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

>        7.5.3.    A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement

within seven days of the written objection.  If no agreement is reached, **the parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.** ~~the Party seeking to make the~~ ~~disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with~~ ~~Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.~~  Any ~~such motion~~ **DDJR** must

describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the

Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any

additional means that could be used to reduce that risk.  In addition, any such **DDJR shall contain an attestation** ~~motion must be~~ ~~accompanied by a competent declaration~~ describing the parties' efforts to resolve the matter by

agreement (i.e., the extent and the content of the meet-and-confer discussions) and setting forth the

reasons advanced by the Designating Party for its refusal to approve the disclosure.

>        7.5.4.    In any such proceeding, the Party opposing disclosure to the Expert shall bear the

burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to providing targeted information to users across a network, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.      **SOURCE CODE**

9.1.    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

9.2.    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraph 7.4, with the exception of Designated House Counsel, Client Representative, professional jury or trial consultants and mock jurors.

9.3.    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.

The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, or otherwise log the date, time and identity of individuals who view the source code, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

9.4.   The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Subsection 9.3 in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Designating Party" and the Receiving Party is the "Challenging Party" for purposes of dispute resolution.

9.5.   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual. At the conclusion of the deposition, the Producing Party will collect each copy of any paper copy of source code and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.

**10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

10.1.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

10.1.1. promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

10.1.2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

10.1.3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2.    If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

11.2.1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

11.2.2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

11.2.3. make the information requested available for inspection by the Non-Party.

11.3.    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. **Any discovery or disclosure disputes shall be brought to the court's attention in compliance with the undersigned's Standing Order re Civil Discovery Disputes.**

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

13.1.    Pursuant to Federal Rule of Evidence 502(b), if information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made with respect to information then in the custody of another party, or the information appears on its face to have been inadvertently produced, the receiving party shall promptly destroy or return the information to the claiming party or person and the receiving party shall not use such information for any purpose other than in connection with a ~~motion to compel~~ **DDJR which shall be submitted with a request for sealing.** ~~(which shall be filed under seal).~~  The party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13.2.    The Producing Party must provide a privilege log in place of any returned or destroyed materials, and must preserve the materials at issue until any challenge to the claimed privilege or protection is resolved.  In the case of electronically stored information, the Producing Party may agree in its sole discretion to provide certain requested materials for initial examination; provided, however, that such provision will not waive any applicable privilege or protection that protects such materials from disclosure.

13.3.    The Receiving Party must also immediately (a) notify in writing the Producing Party of the disclosures, (b) use its best efforts to retrieve all copies of the material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.4.    In connection with any privilege log prepared pursuant to Federal Rule of Civil Procedure 26(b)(5), the parties agree that communications between a party and its In-House Counsel or Outside Counsel, originating on or after the date of Plaintiff's the filing of the initial complaint in this action, on

December 10, 2010, need not be logged.

## 14.   EXPERTS

A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery.  In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his opinions.  The expert must produce his final report and all materials that he relied upon.

## 15.   MISCELLANEOUS

15.1.   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2.   Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

15.3.   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 16.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain a single archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material provided, however, that any archival copy that contains information designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall have such information permanently redacted.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 10, 2011                    /s/ Edward Goldstein
                                                        EDWARD GOLDSTEIN
                                                        Attorneys for Plaintiff EIT Holdings LLC


DATED: October 10, 2011                    /s/ Justen Boyce
                                                        JUSTIN BOYCE
                                                        Attorneys for Defendant Monster Worldwide, Inc.

**FILER'S ATTESTATION**

I, Justin Boyce, am the ECF User whose identification and password are being used to file this document.  Pursuant to General Order 45.X.B, I hereby attest that counsel for Plaintiff has concurred in this filing.

                                                        /s/ Justen Boyce
                                                        Justin Boyce

**AS MODIFIED BY THE COURT,**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

^

DATED <u>October 13</u>, 2011

_____

Ronald M. Whyte

United States ~~District~~ Judge

Magistrate

Howard R. Lloyd

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER / CASE NO. C11-02472 RMW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of EIT Holdings LLC v. Monster Worldwide, Inc, Case No. C11-024272 RMW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____


City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]

**EXHIBIT B**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], wish to participate in this [insert study, focus group or mock jury].

I understand that the information, materials and documents that will be presented are derived

from an actual case still pending in the courts and are the confidential and privileged work

product of the law firm and parties involved in this [insert study, focus group or mock jury].

I further understand that I have been retained and employed by the [insert professional

jury or trial consultants], at the express request and direction of the lawyers involved in the

underlying case.

As a participant in this [insert study, focus group or mock jury], I agree to the following:

1.      In order to maintain confidentiality, I will not discuss my participation in

this project with anyone outside of the [insert study, focus group or mock jury], the attorneys

present and the employees of the [insert professional jury or trial consultants].

2.      I will not discuss or divulge the information or documents presented or

discussed to anyone outside of the [insert study, focus group or mock jury].

3.      I agree to return all documents shown to me, with any written notes I may

have about the case.

4.      I understand that this [insert study, focus group or mock jury] is being

recorded on videotape for later analysis and that the videotape may be used in the future for

educational or promotional purposes.  I understand that any such future use of the videotape for

educational or promotional purposes will not involve specific information about my identity and

that my participation will remain confidential.

City and State where sworn and signed: _____

Printed name: _____

                        [printed name]

Signature: _____

                        [signature]